IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD BAILEY**, Trustee, of the WPO-INTERNATIONAL TRUST, and **LUCILLE WILLS**, an individual, | Case No. 3:16-cv-0274-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **DITECH FINANCIAL, LLC**, **QUALITY LOAN SERVICING CORPORATION OF WASHINGTON, SPECIALIZED LOAN SERVICING, LLC,** | |
| Defendants. | |

Benjamin D. Knaupp, GARLAND GRIFFITHS KNAUPP, 254 North First Ave., Hillsboro, OR 97124. Of Attorneys for Plaintiffs.

William G. Fig, and Michael G. Halligan, SUSSMAN SHANK LLP, 1000 Southwest Broadway, Suite 1400, Portland, OR 97205. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Edward Bailey, trustee of the WPO-International trust, which owns the subject real property, and Lucille Wills, who resides at the subject real property, (collectively, "Plaintiffs") allege Real Estate Settlement Procedures Act ("RESPA") violations, unlawful foreclosure, and breach of contract against Ditech Financial, LLC ("Ditech"), Quality Loan Servicing

PAGE 1 – OPINION AND ORDER

Corporation of Washington, and Specialized Loan Servicing, LLC ("SLS"). Ditech brings a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, Ditech's motion is DENIED.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiff Lucille Wills received a loan secured by a deed of trust on her primary residence

from Decision One Mortgage Company, LLC in 2007. Wills first made payments to Bank of

America until 2012, when servicing was transferred to SLS. Servicing of the loan was transferred

again in 2013 to Ditech. Plaintiffs allege that SLS erroneously claimed that Wills was delinquent

on her payments and that the error remained unresolved when servicing was transferred to

Ditech. Plaintiffs claim that they have attempted to continue making payments and resolve the

disputed delinquent status of the loan, but that Ditech has refused payment and will not declare

the loan current.

## DISCUSSION

Ditech argues that issue preclusion prevents Plaintiffs from asserting that Wills was not

delinquent on the loan. "Issue preclusion arises in a subsequent proceeding when an issue of

ultimate fact has been determined by a valid and final determination in a prior proceeding."

*Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993). Wills previously brought an

action against SLS in Multnomah County small claims court involving many of the same facts as

are present in the pending case. The small claims judge did not award any damages to Wills.

Ditech argues that the small claims judge must have found that Wills was delinquent on the loan.

Ditech then argues that if Wills was actually delinquent on the loan at the time service was

transferred to Ditech then there can be no claims against Ditech.

Issue preclusion bars parties from re-litigating issues when five conditions are met:

> 1. The issue in the two proceedings is identical. 2. The issue was
> actually litigated and was essential to a final decision on the merits
> in the prior proceeding. 3. The party sought to be precluded has

had a full and fair opportunity to be heard on that issue. 4. The
party sought to be precluded was a party or was in privity with a
party to the prior proceeding. 5. The prior proceeding was the type
of proceeding to which this court will give preclusive effect.

*Nelson*, 318 Or. at 104 (citations omitted). At summary judgment, a court may find, as a matter

of law, that issue preclusion bars a party's claims "only if it can be conclusively determined from

the record that 'all the *Nelson* requirements [are] satisfied.'" *Johnson & Lechman-Su, P.C. v.*

*Sternberg*, 272 Or. App. 243, 246 (2015) (quoting *Barackman v. Anderson*, 338 Or. 365, 372

(2005)) (alteration in original). "Moreover, '[e]ven where those elements are met, the court must

also consider the fairness under all the circumstances of precluding a party.'" *Hancock v.*

*Pioneer Asphalt, Inc.*, 276 Or. App. 875, 880 (2016) (quoting *Minihan v. Stiglich,* 258 Or.

App. 839, 855 (2013)) (alteration in original). "The party asserting issue preclusion bears the

burden of proof on the first, second, and fourth requirements, whereupon the burden shifts to the

party against whom preclusion is asserted to show that the third and fifth requirements are not

met." *Thomas v. U.S. Bank Nat. Ass'n*, 244 Or. App. 457, 469 (2011).

In small claims court, Wills originally requested injunctive relief, seeking to have the

delinquent status removed from her credit report. After learning that injunctive relief was not

available in small claims court, Wills decided nevertheless to proceed and sought money

damages based on legal costs and lost wages from time missed at work due to legal proceedings

involving the dispute. After hearing evidence from Wills and a representative from SLS, Judge

Steven Evans held: "The reliable evidence does not support . . . any wrongdoing that would

result in damages." Transcript of Small Claims Proceeding in Case No. 15SC21121 at 45:11-13

(ECF 56-9). Judge Evans also noted that "the damages plaintiff was asking for . . . would have

been inappropriate anyways." *Id.* at 45:13-16. He ultimately concluded that the final judgment of

the court was that he did "not find[] that there was [*sic*] any damages to be recovered based upon the preponderance of the evidence." *Id.* at 45:17-19.

On this record, the Court cannot conclusively determine that Wills' purportedly delinquent status was essential to a final decision on the merits in small claims court. Judge Evans did not make an unequivocal assertion that there was no wrongdoing by SLS. He found only that "the reliable evidence does not support . . . any wrongdoing *that would result in damages*." *Id.* at 45:11-13 (emphasis added). Nothing in Judge Evans' conclusion expressly indicates that Wills was delinquent on the loan. The only definitive proposition from Judge Evans' ruling is that Wills could not recover the alleged damages from SLS. It does not necessarily follow that Plaintiffs are barred from seeking injunctive relief or possibly other types of damages in this Court. Viewing the small claims court proceeding on the whole and Judge Evans' limited holding, the Court cannot conclusively determine that Judge Evans ruled that Wills was delinquent on the loan or that such a determination was essential to the final decision. Moreover, the Court concludes that general considerations of fairness further support allowing Plaintiffs' claims in this matter to proceed to resolution on the merits.

## CONCLUSION

Ditech's Motion to Dismiss (ECF 58) is DENIED.

**IT IS SO ORDERED**.

DATED this 30th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge