IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD BAILEY**, Trustee, of the WPO-INTERNATIONAL TRUST, and **LUCILLE WILLS**, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**DITECH FINANCIAL, LLC, QUALITY LOAN SERVICING CORPORATION OF WASHINGTON, SPECIALIZED LOAN SERVICING, LLC,**<br><br>　　　　Defendants. | Case No. 3:16-cv-0274-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Edward Bailey, trustee of the WPO-International Trust ("WPO Trust"), which owns the subject real property, and Lucille Wills, who resides at the subject real property, (collectively, "Plaintiffs") allege Real Estate Settlement Procedures Act ("RESPA") violations, unlawful foreclosure, and breach of contract against Ditech Financial, LLC ("Ditech"), Quality Loan Servicing Corporation of Washington ("Quality"), and Specialized Loan Servicing, LLC

PAGE 1 – ORDER

("SLS"). SLS was previously dismissed from this lawsuit with prejudice. Plaintiffs and Quality entered into a stipulated agreement that Quality would be bound by any determination of the Court in this case regarding nonmonetary relief, but that Quality did not have to participate in the proceedings, including file a response to the complaint or engage in motion practice. Accordingly, only Ditech remains as a litigating defendant. Ditech brings a motion for summary judgment against all of Plaintiffs' claims. Plaintiffs, proceeding *pro se*, did not respond to Ditech's motion. For the reasons below, Ditech's motion is GRANTED.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

When a party fails to respond to a motion for summary judgment, a court may not simply grant summary judgment by default. *See Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013). When a party fails to respond to a fact asserted by the movant, a court may:

PAGE 2 – ORDER

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting
> materials—including the facts considered undisputed—show that
> the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts—where a party fails to respond to an asserted fact, that fact may be "deemed admitted" (considered as undisputed). *Heinemann*, 731 F.3d at 917.

Considering a fact as undisputed, however, does not mean summary judgment may automatically be granted. A court must still determine, considering the facts the court has found undisputed for want of a response and those that cannot be genuinely disputed despite a proper response, the legal consequences and proper inferences to be drawn from those facts. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)).

## DISCUSSION

Plaintiffs did not respond to Ditech's motion for summary judgment, including the facts as asserted by Ditech. The Court appointed *pro bono* counsel to represent Plaintiffs, but Plaintiffs did not respond to appointed counsel. The Court contacted Plaintiff Lucille Wills and encouraged her to meet with appointed counsel and after that meeting Ms. Wills indicated that she was not able to work with counsel. The Court then terminated the appointment of counsel and provided Plaintiffs three additional weeks, until March 2, 2018, to respond to Ditech's motion for summary judgment. Plaintiffs did not file a response. The Court waited additional time in case Plaintiffs filed a late response or requested an extension, but no such filing was forthcoming. Instead, Mr. Edward Bailey filed an affidavit attaching a Trust Deed and Promissory Note purporting to encumber the subject property with an additional lien as security for a purported $100,000 loan from Mr. Bailey to the WPO Trust.

Ditech filed their motion for summary judgment on November 15, 2017. Because the Court provided Plaintiffs with ample opportunity to respond to the motion, both through appointed *pro bono* counsel and proceeding *pro se*, and Plaintiffs failed to do so, the Court considers the facts asserted by Ditech in its motion as undisputed. Fed. R. Civ. P. 56(e); *see also Heinemann*, 731 F.3d at 917.

**A. Undisputed Facts**

The undisputed facts asserted by Ditech include that on March 27, 2007, Lucille Wills borrowed $211,500, secured by a Deed of Trust on the subject property.[1] The Deed of Trust provides that:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future.

ECF 90-1 at 3.

On November 1, 2013, when Ditech[2] took over servicing the loan, Ms. Wills was delinquent in paying the loan on the subject property because she had missed two payments before Ditech took over servicing. At that time, SLS, the former servicing company, had begun foreclosure proceedings because those two missed payments were more than 180 days past due. When Ditech began accepting payments from Ms. Wills, Ditech applied those payments to the oldest balances due, but the payments did not correct the delinquent status of the loan. In

---

[1] Based on the allegations in the complaint, it appears that currently the property is in the name of the WPO Trust and not Ms. Wills, but the original Deed of Trust lists Ms. Wills personally and not the WPO Trust.

[2] Ditech was formerly known as Green Tree Servicing LLC ("Green Tree") and was known as Green Tree at the time the servicing of Ms. Wills' loan was acquired. For consistency, the Court references the services provided by Green Tree as being provided by Ditech.

March 2014, Ditech informed Ms. Wills that Ditech would no longer accept any further payments that did not serve to bring the loan current and suggested that Ms. Wills apply for a loan modification.

Ms. Wills explained that her work situation had changed and was making it more difficult for her to make her mortgage payments. Ditech agreed to waive the late fees. Ms. Wills requested her payment history. Ditech began reviewing Ms. Wills' account and provided her with a loan payment history for the time period Ditech had been servicing her loan. In a letter dated February 3, 2015, Ms. Wills offered to pay off her loan with an "Unconditional International Promissory Note." Ditech rejected this as an unacceptable form of payment. Ms. Wills has not offered to pay off her loan with an acceptable form of payment and has never brought her loan current. Ditech informed Ms. Wills via a letter dated March 16, 2015, that it had completed its investigation into her account and found that there were no errors and that the information reported to credit agencies was accurate.

## B. RESPA Claim

RESPA prohibits a mortgage loan servicer from "fail[ing] to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C). Plaintiffs' claim under RESPA is that Ditech did not take timely action to respond to Ms. Wills' requests to correct errors regarding allocation of payments, refused to correct the inaccurate delinquent status of Ms. Wills' account, and refused to accept her payments. Based on the undisputed facts discussed above, summary judgment is appropriate on this claim. Ditech responded to Ms. Wills' requests by investigating her account and notifying her that her account was delinquent. Ditech waived certain late fees as a courtesy. Ditech refused to accept payments in an amount less than would make Ms. Wills' account

PAGE 5 – ORDER

current, but that is allowable under the express terms of the Deed of Trust. Ditech also refused to accept the "Unconditional International Promissory Note," but acceptance of that form of payment is not required under RESPA.

## C. Breach of Contract

Plaintiffs allege that Ditech breached the Deed of Trust by failing properly to account for and apply payments made by Ms. Wills to Bank of America, which was the servicer before SLS, who was the servicer before Ditech. Specifically, Plaintiffs allege that she made two payments with check numbers 4508 and 4578 that were never applied to her loan account. Ditech, however, provides evidence from Bank of America that the payments from those two checks were applied to Ms. Wills' loan and that she missed payments other than the payments she made with those two checks. Thus, this is another undisputed fact and Plaintiffs' fail to demonstrate a genuine dispute of material fact that Ditech breached the Deed of Trust.

## D. Unlawful Foreclosure

Plaintiffs' unlawful foreclosure claim alleges facts only relating to Quality. Plaintiffs and Quality, however, entered into a stipulated agreement and order, which was entered by the Court, under which Plaintiffs agreed not seek any affirmative relief from Quality. Thus, to the extent Plaintiffs' unlawful foreclosure claim seeks relief from Quality it is dismissed.

To the extent Plaintiffs intended to assert their unlawful foreclosure claim against Ditech, because Plaintiffs fail to demonstrate a genuine dispute as to any material fact that Ditech violated RESPA or breached the Deed of Trust, Plaintiffs fail to raise a triable issue that Ditech's initiation of or participation in foreclosure proceedings, if Ditech so acted, was unlawful.

## CONCLUSION

Ditech's Motion for Summary Judgment (ECF 89) is GRANTED. Because Ditech is the only remaining defendant, this case is dismissed.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
